UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JIMMY DAVID MALONE, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | Nos: | 3:07-cr-070 |
| | ) | | 3:10-cv-448 |
| UNITED STATES OF AMERICA, | ) | | (VARLAN/SHIRLEY) |
| | ) | | |
| Respondent. | ) | | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Jimmy David Malone ("petitioner"). The government has filed its response to the motion and petitioner has filed a reply. For the following reasons, the § 2255 motion to vacate will be **DENIED** and this action will be **DISMISSED**.

**I.     Standard of Review**

This Court must vacate and set aside petitioner's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, petitioner "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the Court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that petitioner is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.    Factual Background

Petitioner pleaded guilty, without benefit of a plea agreement, to possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He was determined to be a career offender pursuant to U.S.S.G. § 4B1.1(a) based upon two prior felony convictions for crimes of violence and he was sentenced to a term of imprisonment of 151 months on the drug conviction and a concurrent term of imprisonment of 120 months on the firearm conviction, for a total effective sentence of 151 months, by judgment entered April 17, 2008. [Doc. 19, Judgment[1]]. Petitioner's sentence was affirmed on direct appeal. *United States v. Jimmy David Malone*, No. 08-5543 (6th Cir.) [Doc. 27, Order], *cert. denied*, 558 U.S. 962 (2009). Petitioner's sentence was subsequently reduced and he was sentenced to concurrent prison terms of 101 months each. [Doc. 59, Amended Judgment].

---

[1]All citations to the record refer to the docket sheet in petitioner's criminal case.

In support of his § 2255 motion, petitioner alleges the following: (1) he received ineffective assistance of counsel; (2) the government breached the plea agreement; and (3) his sentence should be reduced in light of subsequent amendments to the sentencing guidelines. The government objects to relief for petitioner pursuant to 28 U.S.C. § 2255.

### III. Discussion

#### A. Alleged Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), petitioner must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged

3

action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, petitioner bears the burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Petitioner alleges several instances of ineffective assistance of counsel. The Court will consider each one in turn.

### 1. Failure to object to career offender status.

Petitioner alleges that counsel should have objected to the use of his prior aggravated assault conviction as a predicate offense for career offender status. According to petitioner, his aggravated assault did not involve any physical contact. In support of that argument, petitioner attached copies of the indictment and judgment of conviction. [Doc. 35, Motion to Vacate, Exhibits]. The indictment charged that petitioner "[d]id unlawfully and intentionally, knowingly or recklessly caused [sic] another to reasonably fear imminent bodily injury by use of a deadly weapon, to wit: did attempt to hit the affiant, Duane L. Sullivan, with his truck and did threaten him with a ball bat ....

> For purposes of the sentencing guidelines, a career offender is defined as follows:
>
> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior

4

felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. §4B1.1(a). Section 4B1.2(a) defines a "crime of violence" as follows:

The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --

(1)   has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(2)   is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In addition, the application notes to § 4B1.2 specify that a "crime of violence" includes "murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." U.S.S.G., § 4B1.2 comment. (n.1). Clearly, petitioner's conviction for aggravated assault met this definition and his attorney was not ineffective in failing to object to his status as a career offender. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

### 2.   Allowing petitioner to plead guilty.

Petitioner alleges that his attorney allowed him to plead guilty without advising him that he would be sentenced as a career offender and that, had he known he would be sentenced as a career offender, there is a reasonable possibility he would have insisted on going to trial. This claim is contradicted in the record.

5

In accepting petitioner's guilty plea, the Court fully complied with the plea colloquy procedure as mandated by Rule 11 of the Federal Rules of Criminal Procedure. [Doc. 41, Transcript of Change of Plea]. The Court first determined that petitioner was 23 years old with a high school degree. [*Id*. at 3]. The Court next determined that petitioner was competent to enter a guilty plea. [*Id*. at 4]. The Court also determined that petitioner had ample opportunity to discuss the charges against him with his lawyer; that he had told his lawyer everything he know about the case; that his lawyer had advised him as to the nature and meaning of the charges against and the elements of the offenses charged; and that he was satisfied with his attorney's advice. [*Id*. at 4-6].

The Court then advised petitioner of the rights he was giving up by pleading guilty. [*Id*. at 6-7]. Petitioner was specifically asked whether any person had pressured him to plead guilty and whether any officer or agent of the government had suggested he would receive a lighter sentence by pleading; he answered "No" to both questions. [*Id*. at 7-8]. At the Court's request, the government stated on the record the charges against petitioner, the elements of the offenses, the factual bases for the guilty plea, and the minimum and maximum penalties that petitioner was facing. [*Id*. at 8-10].

Upon questioning by the Court, petitioner acknowledged his understanding of the charges against him and the elements of each charge, as well as the potential punishment. [*Id*. at 10-11]. Petitioner stated that he was pleading guilty because he was in fact guilty of the charges. [*Id*. at 11]. The Court specifically advised petitioner that his sentence "could be enhanced or increased due to any prior convictions" that petitioner had. [*Id*. at 12].

6

The Court then accepted the plea agreement. [*Id.* at 15].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced or is otherwise illegal where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). It is well-settled that where a Court scrupulously follows the requirements of Fed. R. Crim. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice").

Petitioner freely admitted his guilt, knowing that he was subjected to an increased sentence based upon his prior convictions. During the sentencing hearing, petitioner through counsel voiced no objection to the presentence report which found him to be a career offender. [Doc. 26, Transcript of Sentencing Hearing, p. 5]. Upon questioning by the Court, petitioner personally acknowledged that he was considered a career offender and he affirmed his prior convictions. [*Id.* at 5-6]. Accordingly, this claim of ineffective assistance of counsel lacks merit.

### 3. Failure to object to double-counting.

Petitioner alleges his attorney should have objected to his sentence based upon double-counting. According to petitioner, he was not charged with using, carrying, or possessing a firearm during or in relation to a drug trafficking in violation of 18 U.S.C. § 924(c). However, his base offense level for the drug conviction was enhanced by two levels for possessing a firearm, and his base offense level for being a felon in possession of a firearm was enhanced by four levels because the gun was possessed in close proximity to drugs. Petitioner contends this constituted impermissible double-counting.

Petitioner's ultimate guideline sentencing range was not based upon his offense levels but rather his status as a career offender. Thus there was no reason for counsel to object to the alleged double-counting and this claim of ineffective assistance lacks merit.

Based upon the foregoing, petitioner has failed to demonstrate that he received ineffective assistance of counsel under the standard set forth in *Strickland*.

### B. Alleged Breach of Plea Agreement

Petitioner alleges that he had an agreement with the government that his sentence would not include prior convictions and that he would not be considered a career criminal, and that the government breached this agreement. As noted, petitioner pleaded guilty without benefit of a written plea agreement. Thus, there was no written agreement that could arguably have been breached.

To the extent petitioner may claim an understanding with the government that he would not be sentenced as a career offender, such a claim is contradicted in the record.

8

During the change of plea hearing, the Court specifically asked petitioner the following: "In entering into this plea of guilty has any person, including an officer or agent of the government, promised or suggested that you will receive a lighter sentence or other form of leniency, if you plead guilty?" [Doc. 41, Transcript of Change of Plea, pp. 7-8]. Petitioner answered "No." [*Id*. at 8]. Furthermore, after explaining to petitioner that it would consider the applicable sentencing guidelines and that his sentence could be enhanced due to prior convictions, the Court asked petitioner: "Do you understand that the government has not made any agreement to recommend a particular sentence and that your sentence is to be determined by me, the Court, in conformity with any appropriate sentencing factors, including any applicable sentencing guidelines." [*Id*. at 13]. Petitioner answered "Yes, sir." [*Id*.]. Accordingly, the claim that the government breached the plea agreement lacks merit.

### C. Changes in the Law

Petitioner asks the Court to reduce his sentence based upon recent amendments to the Sentencing Guidelines, specifically the following: Amendment 742 (effective Nov. 2, 2010), which removed the section of U.S.S.G. § 4A1.1 that added criminal history points for offenses committed less than two years after a defendant's release from prison; and the amendments implementing the Fair Sentencing Act (FSA) of 2010, which reduced the penalties for crack cocaine offenses. These amendments do not apply retroactively and thus do not afford petitioner any relief. *See* U.S.S.G. § 1B1.10(c) (listing amendments that may be applied retroactively); *United States v. Hughes*, 733 F.3d 642 (6th Cir. 2013) (FSA does

9

not apply to a defendant resentenced after FSA where the original sentence was imposed prior to FSA's effective date).

IV. **Conclusion**

Petitioner is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE